**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4321**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VANXAY XAY SISOMPHONE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00403-WO-1)

Submitted: November 30, 2017                    Decided: December 7, 2017

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vanxay Xay Sisomphone pled guilty, pursuant to a written plea agreement, to possessing firearms as a convicted felon, 18 U.S.C. § 922(g) (2012), and was sentenced to a within-Guidelines sentence of 43 months' imprisonment. Sisomphone appeals. Sisomphone's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sisomphone's sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Sisomphone has not done so.

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable does this court consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record, including the sentencing transcript, reveals no procedural errors. The district court accurately calculated Sisomphone's advisory Guidelines range, gave the parties the opportunity to present argument and Sisomphone the opportunity to allocute, considered the relevant § 3553(a) factors, and adequately explained its reasons for imposing the sentence. We further find that Sisomphone has not met his burden of rebutting the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sisomphone's conviction and sentence. This court requires that counsel inform Sisomphone, in writing, of the right to petition the Supreme Court of the United States for further review. If Sisomphone requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sisomphone. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*